**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE AGUSTO,

                                        Plaintiff,

        v.

MGM RESORTS,

                                        Defendant.

3:19-cv-00604-MMD-CLB

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Jose Agusto's ("Agusto"), application to proceed *in forma pauperis* (ECF No. 1), his amended application to proceed *in forma pauperis* (ECF No. 7), and his *pro se* civil rights complaint (ECF No. 1-1).  For the reasons stated below, the Court recommends that Agusto's *in forma pauperis* application (ECF No. 1) be denied as moot, his amended application to proceed *in forma pauperis* (ECF No. 7) granted, and his complaint (ECF No. 1-1) be dismissed, with prejudice, as to the § 1983 claims, and dismissed, without prejudice, as to the state law claims.

**I.      *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is

---

[1]      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Agusto cannot pay the filing fee; therefore, the Court recommends that the application be granted.

## II.    SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom*

1  *Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court must

2  accept as true all well-pled factual allegations, set aside legal conclusions, and verify that

3  the factual allegations state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

4  (2009).  The complaint need not contain detailed factual allegations, but must offer more

5  than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief

6  above a speculative level."  *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing

7  the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not

8  represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Still, a liberal

9  construction may not be used to supply an essential element of the claim not initially pled.

10 *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If dismissal is appropriate, a *pro se*

11 plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless

12 it is clear that those deficiencies cannot be cured.  *Cato v. United States*, 70 F.3d 1103,

13 1107 (9th Cir. 1995).

14 **III.    SCREENING OF COMPLAINT**

15        In his complaint, Agusto sues Defendant MGM Resorts under 42 U.S.C. § 1983 and

16 Nevada State law.  (*See* ECF No. 1-1.)  Agusto alleges the following: On October 1, 2017,

17 Agusto attended the Route 91 Country Music Festival in Las Vegas, Nevada.  (*Id.* at 2.)  The

18 festival was held in an area across the street from the Mandalay Bay Casino, which is owned

19 by parent company, MGM Resorts.  (*Id.*)  While attending the festival, Agusto heard gunfire

20 coming from the Mandalay Bay.  (*Id.* at 3.)  Agusto tried to help people who were injured

21 because he knew how to perform CPR.  (*Id.*)  Agusto was trampled by the crowd, resulting

22 in a broken jaw, dislocating a disk in his lower back, and serious pain in his neck.  (*Id.*)

23 Agusto went to Sunrise Hospital where he was treated and prescribed Oxycodone for his

24 pain and injuries.  (*Id.*) Agusto continues to take Indomethacin for pain.  (*Id.*)  Agusto suffered

25 psychological harm and injury as a result of the incident and was diagnosed with post-

26 traumatic stress disorder on May 7, 2019.  (*Id.*)  Agusto takes antidepressant medication to

27 treat his PTSD.  (*Id.*)

1   Agusto asserts that Defendant is liable for "failure to protect" under Nevada personal

2   injury law and Defendant is also liable for negligence under Nevada personal injury law.  (*Id.*

3   at 4.)  Finally, Agusto alleges Defendant violated his rights under the Seventh Amendment

4   to the United States Constitution.  (*Id.*)  Agusto seeks a declaration that his rights were

5   violated, compensatory damages in the amount of $1,750,000, punitive damages in the

6   amount of $5,000,000, and a jury trial.  (*Id.* at 5.)

7   42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority

8   to deprive individuals of their federally guaranteed rights."  *Anderson v. Warner*, 451 F.3d

9   1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)).

10   The statute "provides a federal cause of action against any person who, acting under color

11   of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290

12   (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the

13   Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

14   Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected

15   right by (2) a person or official who acts under the color of state law.  *Anderson*, 451 F.3d at

16   1067.

17   A defendant has acted under color of state law where he or she has "exercised power

18   'possessed by virtue of state law and made possible only because the wrongdoer is clothed

19   with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *U.S. v.

20   Classic*, 313 U.S. 299, 326 (1941)).  Generally, private parties are not acting under color of

21   state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).  "A private individual

22   may be liable under § 1983 if she conspired or entered joint action with a state

23   actor." *Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir.2002).  The plaintiff must show "an

24   agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each

25   participant in the conspiracy need not know the exact details of the plan, but each participant

26   must at least share the common objective of the conspiracy." *Id.* (internal quotation marks

27   omitted).

Agusto's only named defendant, MGM Resorts, is a private party.  Agusto does not allege that MGM Resorts was acting under the color of state law when his rights were violated or that MGM Resorts conspired or entered joint action with a state actor.  Because Agusto is suing a private party and does not assert that they acted under the color of state law, he cannot satisfy each of the required elements for relief under an § 1983 action. Additionally, Agusto alleges that Defendant violated his Seventh Amendment rights. However, the Seventh Amendment relates to right to trial by jury in a civil case.  U.S. CONST. amend. VII.  Agusto does not provide any allegations to support a claim that he was not afforded a jury trial, and, nevertheless, the Court does not find that Agusto would be able to state such a claim against a private party.  Accordingly, the Court finds that Agusto fails to state a colorable claim and therefore his claims under § 1983 should be dismissed, with prejudice, as amendment would be futile.

Finally, because Agusto fails to state any colorable federal claims, the Court should decline to exercise supplemental jurisdiction over his negligence and failure to protect claims.  *See* 28 U.S.C. § 1367(a) (stating that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## IV.    CONCLUSION

For the reasons articulated above, the Court recommends that Agusto's application to proceed *in forma pauperis* (ECF No. 1) be denied as moot, his amended application to proceed *in forma pauperis* (ECF No. 7) be granted, and his complaint (ECF No. 1-1) be dismissed, with prejudice, as to the § 1983 claims, and dismissed, without prejudice, as to the state law claims.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation

within fourteen days of receipt.   These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.    RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Agusto's application to proceed *in forma pauperis* (ECF No. 1) be **DENIED AS MOOT** and his amended application to proceed *in forma pauperis* (ECF No. 7) **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Agusto's complaint (ECF No. 1-1); and

**IT IS FURTHER RECOMMENDED** that Agusto's complaint (ECF No. 1-1) be **DISMISSED**, with prejudice, as to the § 1983 claims, and **DISMISSED**, without prejudice, as to the state law claims.

**DATED:**  December 23, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**