UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSE AGUSTO,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>MGM RESORTS,<br><br>　　　　　　　　Defendant. | Case No. 3:19-cv-00604-MMD-CLB<br><br>ORDER |

Plaintiff Jose Augusto filed an *informa pauperis* ("IFP") application and a complaint against Defendant MGM Resorts under 42 U.S.C. § 1983 and Nevada State law. He alleges that he was trampled by a crowd in a country music festival after he heard gunfire coming from the Mandalay Bay Casino, which is owned by parent company MGM Resorts. (ECF No. 1-1 at 2-3.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla Baldwin (ECF No. 8), recommending that the Court deny Plaintiff's Motion/Application for Leave to Proceed IFP (ECF No. 1) as moot, grant Plaintiff's Amended Motion/Application for Leave to Proceed IFP (ECF No. 7), and dismiss the Complaint (ECF No. 1-1) with prejudice as to the § 1983 claims and without prejudice as to the state law claims. Plaintiff had until January 6, 2020 to file an objection. To date, no objection has been filed. For that reason, and because the Court agrees with Judge Baldwin, the Court will adopt the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both

parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Plaintiff has failed to timely object to the R&R, the Court has nevertheless conducted a *de novo* review to determine whether to adopt the R&R. Having reviewed the R&R (ECF No. 8), IFP application (ECF No. 1), and Complaint (ECF No. 1-1), the Court agrees with Judge Baldwin and adopts the R&R in full. Judge Baldwin recommended that the Court grant Plaintiff's IFP application because he cannot pay the filing fee. (ECF No. 8 at 2.) Furthermore, Judge Baldwin found that Plaintiff cannot state a claim for relief under § 1983 because he is only suing a private party, MGM Resorts, and does not assert that Defendant acted under the color of state law. (ECF No. 8 at 3-5.) *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Absent any colorable federal claims, Judge Baldwin recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (ECF No. 8 at 5.) *See* 28 U.S.C. § 1367(a).

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge Carla Baldwin (ECF No. 8) is accepted and adopted in full.

It is further ordered that Plaintiff's Motion/Application for Leave to Proceed in forma pauperis (ECF No. 1) is denied as moot.

It is further ordered that Plaintiff's Amended Motion/Application for Leave to Proceed in forma pauperis (ECF No. 7) is granted.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed with prejudice as to the § 1983 claims and without prejudice as to the state law claims.

///

///

///

1 | The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 9th day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE